IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BBC STUDIOS DISTRIBUTION LTD,<br><br>       Plaintiff,<br><br>v.<br><br>Anqing Navigation Printing Co., Ltd. and THE INDIVIDUALS and ENTITIES OPERATING Anqing Navigation Printing Co., Ltd.,<br><br>       Defendants. | Case No. 24-cv-07596<br><br>**Judge Joan B. Gottschall**<br><br>**Magistrate Judge Keri L. Holleb Hotaling** |

## PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

BBC Studios Distribution Ltd ("Plaintiff") is requesting entry of an order for expedited discovery regarding Anqing Navigation Printing Co., Ltd. and the Individuals and Entities Operating Anqing Navigation Printing Co., Ltd. identified on Schedule A attached to the Amended Complaint (collectively, "Defendants"). Plaintiff withdraws its Motion for Leave to File Under Seal [3].

As alleged in Plaintiff's Amended Complaint, Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A attached to the Amended Complaint and/or other seller aliases not yet known to Plaintiff. [14] at ¶ 21. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, have sold

unauthorized and unlicensed products using infringing and counterfeit versions of Plaintiff's federally registered trademarks and copyrights to residents of Illinois. *Id.* at ¶ 25.

Fed. R. Civ. P. 26(d) allows for discovery before the parties have conferred when authorized by a court order. Fed. R. Civ. P. 26(d). The United States Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Vance v. Rumsfeld*, No. 1:06-cv-06964, 2007 WL 4557812, at *6 (N.D. Ill. Dec. 21, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)). Courts have wide latitude in determining whether to grant a party's request for discovery. *Id.* (citation omitted). District Courts may "evaluate a motion for expedited discovery 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011). Further, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. *See* Fed. R. Civ. P. 26(b)(2).

Since Defendants are likely to decline to participate in these proceedings, expedited discovery is necessary to learn about Defendants, Defendants' identities, the nature of Defendants' operations, and all associated sales. *See, e.g., Deckers Outdoor Corporation v. The Partnerships, et al.,* No. 15-cv-3249 (N.D. Ill. April 4, 2015) (unpublished). Specifically, expedited discovery is necessary to learn all known contact information and all associated e-mail addresses of Defendants so that Plaintiff can effectuate service of process by e-mail.

Accordingly, Plaintiff respectfully requests that this Court enter an order for expedited discovery, in the form submitted herewith.

Dated this 22nd day of October 2024.      Respectfully submitted,

    /s/ Justin R. Gaudio
    Amy C. Ziegler
    Justin R. Gaudio
    Andrew D. Burnham
    Quinn B. Guillermo
    Greer, Burns & Crain, Ltd.
    200 West Madison Street, Suite 2100
    Chicago, Illinois 60606
    312.360.0080 / 312.360.9315 (facsimile)
    aziegler@gbc.law
    jgaudio@gbc.law
    aburnham@gbc.law
    qguillermo@gbc.law

    *Counsel for Plaintiff BBC Studios Distribution Ltd*

.